**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

THOMAS A. SIMONIAN,

Plaintiff,

v.

TRU FIRE CORPORATION,

Defendant.

Civil Action No. ________________

**JURY TRIAL DEMANDED**

## COMPLAINT FOR FALSE PATENT MARKING

Plaintiff THOMAS A. SIMONIAN ("Plaintiff"), by its attorneys, hereby complains against Defendant TRU FIRE CORPORATION ("Defendant") as follows:

## I. NATURE OF THE CASE

1. This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. §292.

2. As set forth below, Defendant has violated 35 U.S.C. §292(a), by marking certain of its TRU FIRE branded products with United States Patent Number 4,527,536 ("the '536 Patent"), even though the '536 Patent has been expired since November 16, 2002, United States Patent Number 4,620,523 ("the '523 Patent"), even though the '523 Patent has been expired since 5/17/2005; and United States Patent Number 4,674,469 ("the '469 Patent"), even though the '469 Patent has been expired since October 29, 2005 (hereinafter collectively "the Expired Patents"). On information and belief, Defendant marks certain of its TRU FIRE branded products with the Expired Patent with the intent to deceive the public and to gain a competitive advantage in the market.

3. Plaintiff seeks an award of monetary damages against Defendant pursuant to 35 U.S.C. §292(b) of up to $500 for each offense, with one-half going to the use of the United States and the other half going to the person bringing the action.

## II.
## THE PARTIES

4. Plaintiff is a person residing in Geneva, Illinois.

5. Defendant TRU FIRE CORPORATION is a corporation established under the laws of the State of Wisconsin with its principal place of business at 722 State Street, North Fond Du Lac, WI 80215.

6. Upon information and belief, Defendant is the maker of TRU FIRE bow release products and a manufacturer of hunting products. In particular, Defendant currently sells, for example, the 3D Hunter Camo Bow Release.

7. The 3D Hunter Camo Bow Release is currently sold in packaging marked as shown below:




Tru-Fire Patent Numbers

#RE36555 #6,253,753 #6,125,833 6,058,920
#5,941,225 #5,850,827 #5,722,284 # ,680,852
#5,653,213 #5,615,662 #5,582,158 # 564,407
#5,558,077 #5,417,197 #5,370,102 #5,359,983
#5,357,939 #5,323,754 #5,318,004 #5,307,788
#5,263,466 #5,170,771 #5,078,116 #5,076,251
#5,027,786 #4,691,683 #4,674,469 #4,620,523
#4,527,536 #6,763,819, #RF38,833
and other U.S. Patents Pending

8. Upon information and belief, Defendant is a sophisticated company and has experience applying for and obtaining patents.

9. As a sophisticated company, Defendant (by itself or by its representatives) knows, or reasonably should know, of the requirements of 35 U.S.C. §292. In particular, Defendant knows, or reasonably should know, that products may not be marked with expired patents or with patents that are not applicable to the product on which they are marked.

## III.
## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c), and 1395(a), because Defendant's falsely marked products were and are offered for sale and sold in this District.

12. This Court has personal jurisdiction over Defendant because it has sold and continues to sell its falsely marked products, in Illinois and in this District and/or in the stream of commerce with knowledge that they would be sold in Illinois and in this District. Upon information and belief, such sales by Defendant are substantial, continuous, and systematic.

## IV.
## COUNT I - FALSE MARKING WITH EXPIRED PATENT(S)

13. Plaintiff incorporates paragraphs 1-12 as if fully set forth herein.

14. When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently protected by such expired patent.

15. Defendant by itself or by its representatives cannot genuinely believe that a patent does not expire and that prospective patent rights apply even after its expiration.

16. The '536 Patent, entitled "Bow String Release Device," was filed on November 16, 1982, issued on July 9, 1985 and expired on November 16, 2002. A true and correct copy of the '536 Patent is attached hereto as Exhibit A.

17. The '523 Patent, entitled "Adjustable Grip and Trigger Bow String Release," was filed on May 17, 1985, issued on November 4, 1986, and expired on May 17, 2005. A true and correct copy of the '523 Patent is attached hereto as Exhibit B.

18. The '469 Patent, entitled "Bow String Release," was filed on October 29, 1985, issued on June 29, 1987, and expired on October 29, 2005. A true and correct copy of the '469 Patent is attached hereto as Exhibit C.

19. Upon information and belief, Defendant has in the past marked, or caused to be marked, and presently marks, or causes to be marked, for example, but not limited to, at least the following products and/or packaging thereof, with the Expired Patents, with knowledge that the Expired Patents were in fact expired: Tru Fire 3D Camo Bow Release ("false marked product").

20. The false patent markings for the True Fire 3D Camo Bow Release product is found on the product packaging.

21. Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the false marked product is not covered by the Expired Patents marked on such product because an expired patent has no prospective rights.

22. Upon information and belief, Defendant intentionally included the Expired Patents on the patent markings of the false marked product, in an attempt to prevent competitors from using the same or similar design for a bow release.

23. Upon information and belief, Defendant marked the false marked product with the Expired Patents for the purpose of deceiving the public into believing that something contained in or embodied in the product is covered by or protected by the Expired Patents.

24. Each false marking on the false marked product is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

25. Defendant has wrongfully and illegally advertised patent rights which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

26. Upon information and belief, Defendant knows, or reasonably should know, that marking the false marked product with false patent statements was and is illegal under Title 35 United States Code. At a minimum, Defendant had and has no reasonable basis to believe that its use of the false markings was or is proper or otherwise permitted under federal law.

27. Upon information and belief, Defendant's marking of the false marked product with the Expired Patents, as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

28. Upon information and belief, for at least the reasons set forth herein, Defendant has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely benefitted in at least maintaining its considerable market share with respect to the herein described false marked product in the market place.

29. The instances of false marking alleged in Count I of this Complaint are representative and not meant to be exhaustive.

30. For at least the reasons provided herein, and/or for reasons which will be later evidenced, each expired patent which is marked on a product contributes to causing harm to the Plaintiff, the United States and the general public.

31. Thus, each expired patent marked on a product, directly or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears is a separate "offense" pursuant to 35 U.S.C. §292(a).

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

(a) A decree that Defendant has falsely marked products in violation of 35 U.S.C. §292;

(b) An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative amount as determined by the Court, one half of which should be paid to the United States of America;

(c) An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

(d) All costs and fees incurred as a result of the prosecution of this action; and

(e) Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

## VI.
## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury trial on all issues triable by jury.

Dated: February 24, 2010

Respectfully submitted,

Joseph M. Vanek

*Attorneys for Plaintiff*

Joseph M. Vanek
IL State Bar No. 6197046
Thomas A. Vickers
IL State Bar No. 6226288
David P. Germaine
IL State Bar No. 6274984
Jeffrey R. Moran
IL State Bar No. 6283573
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: tvickers@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Bruce S. Sperling
IL State Bar No. 2687925
Robert D. Cheifetz
IL State Bar No. 6210105
SPERLING & SLATER, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603
(312) 641-3200 Telephone
(312) 641-6492 Facsimile
E-mail: bss@sperling-law.com
E-mail: robc@sperling-law.com

Eugene M. Cummings
IL State Bar No. 556394
David M. Mundt
IL State Bar No. 6243545
David Lesht
IL State Bar No. 6180985
Martin Goering
IL State Bar No. 6286254
Konrad V. Sherinian
IL State Bar No. 6290749
Panasarn Aim Jirut
IL State Bar No. 6281877
Jessica Rissman
IL State Bar No. 6300680
EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, Illinois 60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com
E-mail: ajirut@emcpc.com
E-mail: jrissman@emcpc.com
E-mail: mcadrot@emcpc.com
E-mail: erynne@emcpc.com